# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KEITH BAIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-15-71-W** |
| | ) | |
| **OKLAHOMA COUNTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Keith Bain, an Oklahoma pretrial detainee appearing pro se, filed a pleading in which he named Oklahoma County as a defendant, made various allegations, and sought forms to assert claims under 42 U.S.C. § 1983 and 28 U.S.C. § 2241. *See* Seeking Forms, Doc. No. 1, at 1.[1] Based on the substance of Plaintiff's allegations, the Court construed the document as a Complaint under § 1983 and ordered Plaintiff to cure deficiencies in the Complaint. *See* Doc. No. 4. Thereafter, Plaintiff filed an Amended Complaint under § 1983, naming as Defendants Oklahoma County, the Oklahoma County Jail Sheriff, and Corporal Jeromy Rodolf, and dropping any reference to a § 2241 claim. *See* Am. Compl., Doc. No. 8, at 1-2 & *passim*. United States District Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). The undersigned recommends the Court dismiss the Amended Complaint on screening.

---

[1] Citations to documents refer to docket numbers and pages assigned by this Court's CM/ECF electronic filing system. When quoting from the Amended Complaint and other handwritten filings, the undersigned has occasionally altered the capitalization to improve readability.

ANALYSIS

*A. Duty to Screen the Amended Complaint*

Because Plaintiff is proceeding *in forma pauperis* (Doc. No. 11), the Court is obligated to review and dismiss the Amended Complaint, or any portion of it, which is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007) (indicating that court uses same analysis for complaint's sufficiency whether performed sua sponte or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts

"will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010).

*B. Application of Screening Requirement to Plaintiff's Amended Complaint*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to plausibly show that a person acting under color of state law has violated or is violating the plaintiff's federal rights. *See* 42 U.S.C. § 1983; *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). Plaintiff has failed to do so in several critical respects.

1. Plaintiff's Failure to Plead Facts That Would Support Official-Capacity Claims Against Oklahoma County, the Oklahoma County Jail Sheriff, and Defendant Rodolf

As an initial matter, Oklahoma County itself is not a proper defendant under Oklahoma law. Instead, "[i]f Plaintiff intended to sue Oklahoma County, he should have named the 'Board of County Commissioners of Oklahoma County' as a defendant." *Hill v. Truelove*, No. CIV-07-404-M, 2010 WL 56144, at *7 (W.D. Okla. Jan. 6, 2010), *appeal dismissed*, No. 13-6072 (10th Cir. Aug. 19, 2013); *see also Brown v. Sedgwick Cnty. Sheriff's Office*, 513 F. App'x 706, 707-08 (10th Cir. 2013). Therefore, Plaintiff's claim against Oklahoma County should be dismissed.

Plaintiff, however, effectively has sued Oklahoma County through his official-capacity claims against the Oklahoma County Jail Sheriff and Defendant Rodolf. *See Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) (holding that a suit against a county

employee in his or her official capacity is "'the equivalent of a suit against [the] County'" (internal quotation marks omitted)).[2]   To succeed on such official-capacity claims, Plaintiff must allege: (1) Oklahoma County employees "committed a constitutional violation"; and (2) an Oklahoma County "policy or custom was the moving force behind the constitutional deprivation."  *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014) (internal quotation marks omitted); *see also Layton v. Bd. of Cnty Comm'rs of Okla. Cnty.*, 512 F. App'x 861, 867-68 (10th Cir. 2013) (describing the standard for holding county officials liable under § 1983).  Plaintiff has not made any discernable allegations involving Oklahoma County's policies or customs.  The Court should therefore dismiss the claims against the Oklahoma County Jail Sheriff and Defendant Rodolf in their official capacities, without prejudice.[3]

2.  Plaintiff's Failure to Plead Facts That Would Support a Plausible § 1983 Claim Involving the Conditions of His Confinement

Plaintiff's allegations are too vague and general to support a plausible § 1983 claim involving the conditions of his confinement.  Plaintiff states a laundry list of complaints, including: (1) limited recreation time; (2) mail tampering; (3) lack of water in his cell; (4) "spotty" or no medical treatment; (5) lack of eating utensils; and (6) "food

---

[2] Plaintiff did not specify whether he was suing the Oklahoma County Jail Sheriff or Defendant Rodolf in their official or individual capacities.  Am. Compl., at 1-2.  The undersigned has assumed each party is named in both capacities.

[3] This same deficiency also would apply, if left uncorrected, to any amended claim by Plaintiff against the County Commissioners of Oklahoma County rather than Oklahoma County itself.  *See Brown*, 513 F. App'x at 708 (holding plaintiff's amendment to properly name board of county commissioners would be futile because plaintiff had failed to plead "the existence of a municipal policy causally connected to [the alleged constitutional] violation").

dropped on floor." *See* Am. Compl. at 1-4. The Amended Complaint, however, does not include the supporting facts that would allow the Court to discern particular conduct being complained of and reasonably infer that such conduct is actionable under § 1983.

Although the Court construes a pro se litigant's pleadings liberally, no litigant is exempt from compliance with, or the consequences of, applicable procedural rules. *See Kay*, 500 F.3d at 1218. Such rules require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). At a minimum, a plaintiff must inform the defendants about what they have allegedly done to violate federal law. *See Barfield v. Commerce Bank*, 484 F.3d 1276, 1281 (10th Cir. 2007). That is, from the allegations in the complaint, the defendants must learn "what [they] did to [the plaintiff]; when [they] did it; how [their] action harmed [the plaintiff]; and, what specific legal right [the plaintiff] believes [they] violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff's Amended Complaint does not meet these standards with respect to the six complaints listed above. Although Plaintiff lists in conclusory fashion certain conditions that *may* constitute constitutional violations, Plaintiff does not identify any individual responsible for the alleged violations or provide any details of specific events. Without knowing how serious Plaintiff's alleged medical needs were, whether mail tampering led to a missed court deadline, and how often or under what circumstances

5

Plaintiff was left without food, water, or utensils, the Court cannot determine whether the alleged deprivations violate the federal constitution.

Because the allegations in the Amended Complaint do not present facts that would plausibly support a § 1983 claim, the Court should dismiss the conditions of confinement claims without prejudice. *See Galindo v. Lampela*, 513 F. App'x 751, 753 (10th Cir. 2013) (affirming dismissal without prejudice of claims which were "too vague and unintelligible to inform the named defendants of the legal claims being asserted" as required under Rule 8).

### 3. Plaintiff's Failure to Plead Facts That Would Support a Plausible § 1983 Claim for Excessive Force

Plaintiff's Amended Complaint fails to state a valid claim against Corporal Jeromy Rodolf for excessive force. According to the Amended Complaint, after Plaintiff broke Defendant Rodolf's handcuffs, Rodolf threatened Plaintiff with "bodily harm" and said he would let another inmate rape Plaintiff. Am. Compl. at 3. Plaintiff also alleges Defendant Rodolf put him in a "'Hulk Hogan' hold." *Id.*

Even assuming Plaintiff's allegations concerning Defendant Rodolf's threats are true, "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (quoting *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)); *see also McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding jail officials' threat to spray inmate with mace amounted to "nothing more than threats and verbal taunts" and did not violate the Constitution).

Because Plaintiff does not allege he believed Defendant Rodolf would instantly and unexpectedly kill him, Plaintiff's allegations regarding threats by Defendant Rodolf do not support a § 1983 claim. *See Rivera v. Hassler*, 79 F. App'x 393, 394 (10th Cir. 2003) (finding no constitutional violation in alleged verbal abuse where officer "harassed [inmate], teased him, singled him out, and falsely reported him for stalking her" although such conduct was "deplorable and unprofessional"); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (holding sheriff's threat to hang plaintiff was insufficient to state a constitutional violation).

As for allegedly being placed in a "'Hulk Hogan' hold," Plaintiff's Amended Complaint supplies no facts surrounding the event and leaves the Court unable to determine if Defendant Rodolf engaged in excessive force, particularly in light of Plaintiff's admission he broke the Corporal's handcuffs. To determine whether force is excessive under the Fourteenth Amendment,[4] the Court must consider: "(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor." *Estate of Booker v. Gomez*, 745 F.3d 405, 426 (10th Cir. 2014) (internal quotation marks omitted). Plaintiff's Amended Complaint is simply too vague on all of these matters to support a plausible § 1983 claim. *See Stuart v. Steer*, No. CIV-10-1026-R, 2011 WL 2491616, at *3 (W.D. Okla. June 22, 2011) ("From the Court's perspective, [plaintiff's] allegations are not sufficient to satisfy the subjective prong of an excessive force claim, because Plaintiff has

---

[4] Because Plaintiff is a pretrial detainee, the Fourteenth Amendment would govern his excessive force claim. *See Porro v. Barnes*, 624 F.3d 1322, 1326 (10th Cir. 2010).

made only a conclusory allegation that unnecessary and excessive force was used against him, without describing the alleged force.").

Plaintiff's allegations do not support a plausible § 1983 claim for excessive force against Defendant Rodolf. This claim should be dismissed without prejudice.

### 4. Plaintiff's Failure to Plead Facts That Would Support a Plausible § 1983 Claim Against the Oklahoma County Jail Sheriff in His Individual Capacity

Fourth and finally, the Amended Complaint fails to allege any valid claim for relief against the Oklahoma County Jail Sheriff in his individual capacity. Personal participation is "an essential" element in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In an individual-capacity suit, "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Thus, to hold the Oklahoma County Jail Sheriff personally liable, Plaintiff must allege an "'affirmative link' between [the Sheriff] and the [alleged] constitutional violation[s]." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Specifically, Plaintiff must allege facts that, with respect to the sheriff, would allow a reasonable inference of: "(1) personal involvement; (2) sufficient causal connection, and (3) culpable state of mind." *Id.* (internal quotation marks omitted).

Plaintiff's Amended Complaint is devoid of such allegations. Because Plaintiff has not alleged facts that would support the personal liability of the Oklahoma County Jail Sheriff, the Court should dismiss without prejudice Plaintiff's claim against the

sheriff in his individual capacity. *See Galindo v. Gentry*, No. 15-7062, 2016 WL 1238201, at *2 (10th Cir. 2016) ("Because the complaint fails to identify any personal participation by Patton, we affirm the district court's dismissal . . . for failure to state a claim.").

## RECOMMENDATION

In sum, Plaintiff fails to state a valid claim for relief against Oklahoma County, the Oklahoma County Jail Sheriff, or Corporal Jeromy Rodolf, and his allegations involving the conditions of his confinement are conclusory and vague. For these reasons, the undersigned recommends the Court dismiss Plaintiff's § 1983 Amended Complaint without prejudice to refiling.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by April 29, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge.

ENTERED this 8th day of April, 2016.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE